UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Margaret Hussein,<br>On behalf of plaintiff and the class members described below,<br><br>    *Plaintiff,*<br><br>        v.<br><br>Dynamic Recovery Solutions, LLC and Cavalry SPV I, LLC;<br><br>    *Defendants.* | Case No.:<br><br>Honorable<br><br><br><br><br>Magistrate Judge:<br><br>JURY DEMANDED |

## CLASS ACTION COMPLAINT

### NATURE OF THE ACTION

1. Defendants having been sending collection letters into Illinois using language the Seventh Circuit has held is false and misleading.

2. In an effort to avoid burdening this Court Plaintiff attempted to resolve this matter through principled negotiation before filing suit. Defendants failed to respond.

3. In previous cases, Courts have certified class actions against both Defendants herein. *See, e.g.*, *Rodriguez v. Dynamic Recovery Solutions*, No. 14-CIV-24502, 2015 U.S. Dist. LEXIS 22612 (S.D. Fla. Feb. 23, 2015) (class of 180,700 certified pursuant to settlement); *Wise v. Cavalry Portfolio Servs., LLC*, No. 3:09-cv-86, 2010 U.S. Dist. LEXIS 96038 (D. Conn. Sept. 15, 2010); *Jancik v. Cavalry Portfolio Servs.,* No. 06-3104, *LLC*, 2007 U.S. Dist. LEXIS 49500 (D. Minn. July 3, 2007).

4. Plaintiff Margaret Hussein, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), because, among other things, Defendants sent them letters to collect time-

barred debts that not only failed to make clear that the law prevented Defendants from filing suit against Plaintiff and the class members, but such letter also failed to advise that making any payment would restart the statute of limitations on the collection of that debt. The Seventh Circuit has found similar language to violate the FDCPA, *Pantoja v. Portfolio Recovery Associates,* LLC, 852 F.3d 679 (7th Cir. 2017) and at least one court in the Northern District of Illinois has found that the specific language alleged to be used here violates the FDCPA. *See Pierre v. Midland Credit Management*, No. 16-2895, 2018 U.S. Dist. LEXIS 18860 (N.D. Ill. Feb. 5, 2018).

5. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false, deceptive or misleading statements in connection with the collection of a debt. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

6. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

7. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct," and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

8. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

9. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

10. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), and 28 U.S.C. §§1331 and 1337.

11. Venue and personal jurisdiction in this District are proper because:

    a. Defendants' collection communications and activities impacted plaintiff within this District; and

    b. Defendants do business within this District.

## PARTIES

12. Plaintiff Margaret Hussein is a citizen residing in the Northern District of Illinois.

13. Plaintiff is a "consumer," as that term is defined by § 1692a(3) of the FDCPA, in that the alleged debt Defendants sought to collect from her is a consumer debt, incurred for personal purposes and allegedly originally owed to Bank of American.

14. Defendant Dynamic is a limited liability company organized under South Carolina law with principal offices at 135 Interstate Boulevard, Suite 6, Greenville, South Carolina 29615. Defendant Dynamic conducts business in Illinois.

15. Dynamic has a web site (http://www.gotodrs.com/), where it describes its business as follows: "With more than 50 combined years in the accounts receivables industry, our managing partners founded Dynamic in 2008. We are professionally staffed to provide nationwide consumer and commercial collection services to organizations including

Banking, Student Loans, Heath Care, Retail, Telecommunications, Utilities, Legal, and Real Estate. Our strong track record in the late stage market, continued investment into the latest Technology and Analytics, and our commitment to quality, has positioned DRS as leader in receivables management outsource solutions."

16. Dynamic is regularly engaged, or profit, in the collection of debts allegedly owed by consumers. Dynamic is therefore a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

17. Defendant Cavalry is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

18. Defendant Cavalry operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Cavalry was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

19. Defendant Cavalry is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois. *See* **Exhibit A**, Record from the Illinois Secretary of State. In fact, Defendant Cavalry conducts extensive and substantial business in Illinois.

20. Defendant Cavalry is licensed as a debt collection agency in the State of Illinois. *See* **Exhibit B**, Record from the Illinois Division of Professional Regulation. In fact, Defendant Cavalry acts as a collection agency in Illinois.

21. Defendant Cavalry is a bad-debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies.

## FACTS

22. Defendants have been attempting to collect from Plaintiff an alleged credit card debt that was incurred, if at all, for personal, family or household purposes.

23. On or about June 28, 2017, Defendant Dynamic, acting on behalf of Defendant Cavalry, sent Plaintiff the letter attached as **Exhibit C**.

24. The debt was beyond the statute of limitations.

25. **Exhibit C** states, "The law limits how long you can be sued on a debt. Because of the age of your debt, our client will not sue you for it."

26. **Exhibit C** does not disclose that making a payment as requested may restart the statute of limitations.

## COUNT I – FDCPA

27. Plaintiff incorporates paragraphs 1-26.

28. **Exhibit C** violates 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10). *Pantoja v. Portfolio Recovery Associates, LLC*, 852 F.3d 679 (7th Cir. 2017).

29. Section § 1692e provides:

> **§ 1692e. False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (2)The false representation of-- (A) the character, amount, or legal status of any debt; . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer[.]**

## CLASS ALLEGATIONS

30. Plaintiff brings this claim on behalf of two classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

31. The Cavalry class consists of (a) all individuals with Illinois addresses, (b) to whom a letter was sent on behalf of Cavalry to collect a debt, (c) which debt was a credit card on which the last payment had been made more than 5 years prior to the letter, (d) which stated that "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, our client will not sue you for it," (e) which did not state that any payment may restart the statute of limitations, and (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

32. The Dynamic class consists of (a) all individuals with Illinois addresses, (b) to whom Dynamic Recovery Solutions, LLC sent a letter to collect a debt, (c) which debt was a credit card on which the last payment had been made more than 5 years prior to the letter, (d) which stated that "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, our client will not sue you for it," (e) which did not state that any payment may restart the statute of limitations, and (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

33. On information and belief, based on the use of form letter and the fact that debts are normally purchased, sold and placed in portfolios of debts of like nature and vintage, each class is so numerous that joinder of all members is not practicable.

34. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Defendants' letters were misleading.

35. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

36. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

37. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;
    b. Members of the classes are likely to be unaware of their rights;
    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

    i. Statutory damages;
    ii. Any actual damages incurred by class members, including all amounts paid on time-barred debts;
    iii. Attorney's fees, litigation expenses and costs of suit;
    iv. Such other and further relief as the Court deems proper.

### JURY DEMAND

Plaintiff, Margaret Hussein, demands trial by jury.

Respectfully submitted,

By: */s/ Roger Zamparo Jr.*
One of Plaintiffs' Attorneys

Roger Zamparo Jr. (3123737)
Steven J. Uhrich (6310369)
ZAMPARO LAW GROUP, P.C.
2300 Barrington Road, Suite 140
Hoffman Estates, IL 60169
T. (224) 875-3202
F. (312) 276-4950
roger@zamparolaw.com
steven@zamparolaw.com

Allison Krumhorn (6277823)
Ronald Wilcox (to file pro hac vice)
Wilcox Law Firm, P.C.
2021 The Alameda, Suite 200
San Jose, CA 95126
T: (408) 314-6210
F: (408) 296-0486
allisonkrumhorn@gmail.com
ronaldwilcox@gmail.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for any attorney's fees authorized by the above fee-shifting statutes or awarded by the Court. All rights relating to attorneys' fees have been assigned to counsel.