UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Margaret Hussein,<br>On behalf of Plaintiff and the class, | Case No.: 1:18-cv-04400 |
| *Plaintiff,* | Honorable Sara L. Ellis |
| v. | Magistrate Judge Jeffrey Cole |
| Dynamic Recovery Solutions, LLC; | |
| *Defendant.* | |

**JOINT MOTION FOR CONDITIONAL CERTIFICATION
AND PRELIMINARY APPROVAL**

Plaintiff Margaret Hussein, on behalf of herself and on behalf of a class of similarly situated individuals (Plaintiff) and Defendant Dynamic Recovery Solutions, LLC (DRS) request that this Court (1) preliminarily approve the Class Settlement Agreement (Agreement) attached as Appendix 1; (2) set dates for class members to object or opt out; (3) schedule a hearing for final approval of the Agreement, (4) approve the notice to be mailed to the class attached as Exhibit C to Appendix 1, and (5) find that service of said notice satisfies due process requirements. A proposed conditional certification order is attached as Exhibit 2.

1.     Plaintiff filed the above-captioned lawsuit in the United States District Court for the Northern District of Illinois (the Litigation). Plaintiff alleges that DRS violated the Fair Debt Collection Practices Act (15 U.S.C. §1692, et seq.) by sending collection letters on time-barred debts which did not disclose that they could not be sued for the debt or that a payment may restart the statute of limitations on the debt. DRS denies the allegations, denies both factually and legally that it is liable in any way to Plaintiff or the class she seeks to represent and asserts that its letters complied fully with all applicable state and federal laws.

2.     After arms-length negotiations and a private mediation session held on March 21,

2019 before the Hon. David H. Coar (Ret.), the parties reached a settlement to resolve the Litigation. DRS wishes to settle the claims brought by Plaintiff to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims that have been or could have been asserted by Plaintiff and the Class (as defined below) against DRS in the Litigation. Counsel for the parties have analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the Litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation, and the likelihood, costs, and possible outcomes of one or more procedural and substantive appeals. Based upon Counsel's review and analysis, the parties have entered into the Agreement to settle and compromise the Litigation on the terms and conditions embodied in the Agreement.

3. **Class.** For purposes of effectuating this settlement, the Parties request that this Court preliminarily and conditionally certify a Class consisting of:

> All individuals with Illinois addresses, (b) to whom DRS sent a letter to collect a debt, (c) which debt was a credit card on which the last payment had been made more than 5 years prior to the letter, (d) which stated that "The law limits how long you can be sued on a debt. Because of the age of your debt, our client will not sue you for it," (e) which did not state that any payment may restart the statute of limitations, and (f) which letter was sent between June 25, 2017 and present.

> DRS represents that the class size is approximately 5,237 individuals.

Excluded from the Class are:

      a.    any person who is already subject to an existing release;

      b.    any person who has filed for bankruptcy protection under Title 11 of the United States Code as of the date of the Conditional Certification Order;

      c.    any Class Member who timely mails a request for exclusion; and

      d.    any person to whom Defendant sent the Letter but whose Letter was returned as undeliverable, based on DRS's records.

4. **Class Recovery.** The Agreement provides for the following relief to class

members:

    a. DRS shall pay to the class a total Class Recovery of $130,000.00.

    b. Distribution of the Class Recovery shall be made on a claims-made basis, *i.e.* Class Members who wish to claim their share of the Class Recovery must submit a claim in the form that will accompany the Class Notice. The Class Recovery will be divided equally among all Class Members who timely submit claim forms.

    c. The time period for Class Members to timely submit claim forms shall be sixty (60) days after the Initial Notice Date. All distribution checks to the Class will expire after ninety (90) days.

    d. The proceeds of any uncashed distribution checks shall be distributed as a *cy pres* distribution to the Chicago Volunteer Legal Services Foundation.

5. Given the approximate class size of 5,237, Class Counsel anticipates, based on a 5%-10% response rate, that class members who submit claim forms are likely to receive somewhere between $250-$500.

6. In an individual action under the FDCPA, the person bringing the suit may recover (i) any actual damages sustained as a result of the alleged violation; and (ii) statutory damages of between $0 and $1,000.00. The maximum possible recovery for a class is (i) any actual damages sustained as a result of the alleged violation by the class members and (ii) the lesser of 1% of a Defendant's net worth or $500,000.00 (whichever is less). The Court, in its discretion, may award anything up to the maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit can also recover attorneys' fees and the expenses of prosecuting the suit, if it is successful. Given DRS's net worth and potential

recovery to class members, Class Counsel believes the settlement terms above are fair and reasonable.

      A.      **Non-Monetary Relief.** As a non-monetary part of the settlement, where DRS's client does not otherwise specify in the state of Illinois, DRS agrees to include the below language in its collection letters that involve accounts where the statute of limitations has expired and that involve accounts that are beyond the credit reporting period:

> The law limits how long you can be sued on a debt. Because of the age of your debt, [current owner] cannot sue you for it and [current owner/servicer] cannot report it to any credit reporting agencies. If you make a partial payment on this account it may restart the statute of limitations on this account.

Where DRS's client does not otherwise specify in the state of Illinois, DRS agrees to include the below language in collection letters that involve accounts where the statute of limitations has expired and that involve accounts that are not beyond the credit reporting period:

> The law limits how long you can be sued on a debt. Because of the age of your debt, [current owner] cannot sue you for it. If you do not pay the debt, [current owner/servicer] may report or continue to report it to the credit reporting agencies as unpaid. If you make a partial payment on this account it may restart the statute of limitations on this account.

DRS agrees to use the language referenced above subject to the conditions stated therein unless and until the holding of the Seventh Circuit in *Pantoja v. Portfolio Recovery Associates, LLC*, 852 F.3d 679 (7th Cir. 2017) is overruled by case law, regulatory guidance, or amendment of the FDCPA.

      7.      **Class Representative Award.** Plaintiff Margaret Hussein will be paid the total amount of $7,000 for her service to the class and for her individual statutory damages. Mrs. Hussein asserts that she spent significant time in meetings with Class Counsel, several hours preparing for and attending a day-long private mediation, and several hours over two days preparing for her deposition. All recovery paid to Mrs. Hussein will be separate and apart from

any other recovery to the class or Class Counsel.

      B.      **Attorneys' Fees and Costs.** Subject to Court approval, DRS has agreed to pay Class Counsel the total sum of $106,000 for their attorneys' fees and costs. Such amount as is approved by the Court as reasonable attorney's fees and costs shall be separate and apart from the Class Recovery. DRS has agreed not to oppose Class Counsel's request for attorneys' fees and costs in an amount not to exceed $106,000. Class Counsel will file their fee petition within 30 days of the entry of the Conditional Certification Order.

      8.      **Notice.** No later than thirty (30) days after the entry of the Conditional Certification Order, the Administrator will print, copy, and mail the Class Notice to the Class Members at the most current address reflected in DRS's records, with a notation on the envelopes requesting address correction. If any notice is returned with a new address, the notice will be re-mailed to the new address. As to any Class Member whose notice is returned without a forwarding address the Administrator shall run such Class Member through the National Change of Address database to seek a good address and it shall re-send the Notice to any Class Member for whom it is able to obtain a new address as a result of such search. The Administrator will use its best efforts to provide prompt re-sending of any returned notices. However, Defendants and their attorneys shall not be responsible for the failure of the Postal Service to timely deliver or return a class notice. The Administrator shall have no obligation to re-send a notice that is not returned by the Postal Service until after the date that is thirty days prior to the Final Fairness Hearing.

      a.      **Right to Opt Out.** Class Members who wish to exclude themselves (opt out) of the Class and the proposed Settlement must mail a written request for exclusion to the Class Administrator postmarked no later than 60 days from

the date of mailing of the Class Notice. Upon receipt of any opt out notice, the Class Administrator shall, within 7 days of the receipt of such request, forward copies to Class Counsel and Counsel for Defendant.

b. **Right to Object.** Class Members shall be afforded an opportunity to object to the Settlement. Subject to approval of the Court, objectors shall be required to notify the Court, Class Counsel and counsel for Defendants, in writing, of their intent to object to one or more of the terms of this Agreement or the Final Order and Judgment.

9. This claim satisfies the applicable prerequisites for class action treatment under FED. R. CIV. P. 23, namely: a. the Class Members (over 5,000) are so numerous that joinder of all of them in the Litigation is impracticable; b. there are questions of law and fact common to the Class Members—all claims are related to language in a form letter—which predominate over any individual questions; c. the claims of the Plaintiff are typical of the claims of the Class Members related to that same language; d. the Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

10. Plaintiff's counsel submits that the principles set forth in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014), *Redman v. RadioShack Corp.*, 768 F.3d 622, (7th Cir. 2014), and *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014) are not applicable to the terms of the proposed Agreement. The award to the class is distinct and separate from the attorneys' fees in this case. The FDCPA is a fee shifting statute and the fees being awarded to the class would not

Joint Motion for Preliminary Approval and Conditional Certification
Page 6 of 9

come from any class fund but by payment directly from DRS, pursuant to the fee shifting provision of the FDCPA as set out in Section 1692k(a)(3). Plaintiff's counsel submits that the size of the attorneys' fees award does not affect the award to the class, unlike cases such as *Pearson*, *Redman*, and *Eubank* where payment of the attorneys' fees affected the total payment to the class. The parties further submit that the class notice gives fair notice to the class, the terms of the settlement, and the ways in which class members can participate (or not) in the settlement, thus satisfying the requirements of Fed. R. Civ. P. 23, and of due process.

11. Plaintiff and Defendant request that the Court set the following schedule for the proposed Agreement:

   a. Class Notice (Exhibit C to Appendix 1) is to be mailed within 30 days of entry of the Conditional Certification Order.

   b. Class members shall have until 60 days after the initial mailing of the notice to complete and postmark a claim form, request for exclusion or objection to the proposed settlement.

   c. A final hearing on the fairness and reasonableness of the Agreement, its approval, and the requests for fees and expenses by Class Counsel will be held before this Court on a date at least ninety (90) days from the notification provided under the Class Action Fairness Act.

12. In the event that there is any conflict between any provision of this Motion and the Settlement Agreement between the parties, the parties intend for the Agreement to control, subject to Court approval.

WHEREFORE, the parties respectfully request that the Court preliminarily approve the Agreement and conditionally certify the class by entering an order in the form of <u>Exhibit B</u> to

<u>Appendix 1</u>.

Dated: August 28, 2019   Respectfully submitted,

By: *s/Steven J. Uhrich*

Steven J. Uhrich
UHRICH LAW, P.C.
1 N. State Street, Suite 1500
Chicago, IL 60602
p: 773.969.6337
steven@uhrichlawpc.com

Ronald Wilcox
Allison A. Krumhorn
WILCOX LAW FIRM PC
2021 The Alameda, Suite 200
San Jose, CA 95126
(408) 296-0400

*Counsel for Plaintiff*


By: *s/ Jennifer M. Weller*

David M. Schultz
Jennifer M. Weller
Lindsey A.L. Conley
HINSHAW & CULBERTSON LLP
151 N. Franklin Street, Suite 2500
Chicago, Illinois 60606
*dschultz@hinshawlaw.com*
*jweller@hinshawlaw.com*
*lconley@hinshawlaw.com*

*Counsel for Dynamic Recovery Solutions, LLC*

## CERTIFICATE OF SERVICE

  Steven J. Uhrich, an attorney, certifies that he electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all electronic filing participants.

                */s/ Steven J. Uhrich*