UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Margaret Hussein,<br>On behalf of Plaintiff and the class,<br><br>*Plaintiff,*<br><br>v.<br><br>Dynamic Recovery Solutions, LLC,<br><br>*Defendant.* | Case No.: 1:18-cv-04400<br><br>Honorable Steven C. Seeger |

### PRELIMINARY **NOTICE OF CLASS COUNSEL'S FEES AND COSTS**

Plaintiff Margaret Hussein, individually and on behalf of a class, filed a lawsuit in the United States District Court for the Northern District of Illinois on June 25, 2018 against Defendant Dynamic Recovery Solutions LLC.[1] Plaintiff claimed Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), by sending Illinois collection letters that contain settlement offers for time-barred debts that did not disclose that payment may restart the statute of limitations on the debt (the "Letters"). Specifically, Plaintiff alleged that Defendants violated Sections 1692e, 1692e(2) and 1692e(10) of the FDCPA.

On September 9, 2019, The Honorable District Court Judge Sara L. Ellis entered an Order granting preliminary approval to the parties' Class Action Settlement

---

[1] This action was also filed against Cavalry SPV I, LLC. **Pursuant to the parties'** stipulation, Cavalry SPV I, LLC was dismissed on August 30, 2019 without prejudice and **with leave to reinstate should the Plaintiff's settlement with** Dynamic Recovery Solutions LLC not be consummated according to its terms. *See* Dkt. 60.

Agreement. Dkt. 61-1. The settlement provides for Defendant to pay in excess of $250,000, to be divided as follows:

1. A class settlement fund will be established in the amount of $130,000.00 to **cover and include the claims of class members ("Total Class Recovery") which shall be** distributed to the class on a pro rata basis to class members who submit timely claim forms.

2. **Subject to the Court's approval, Defendant will pay, in addition to the Total** Class Recovery, $7,000.00 to Margaret Hussein, the named plaintiff, for her damages and as an incentive award for bringing claims on behalf of the Class.

3. **Subject to the Court'**s approval, Defendant has agreed to pay attorney fees and costs in an amount which the Court deems reasonable, but not to exceed $106,000.00. **Upon presentment of the parties' joint motion to conditionally certify the** class, Northern District of Illinois Judge Sara L. Ellis indicated she believed $106,000 to be fair and reasonable. At the Final Fairness Hearing, Class Counsel will petition the **Court to award $106,000.00 to Class Counsel for their reasonable attorney's fees and** costs.

In *Redman v. Radioshack Corp.*, 768 F.3d 622, 637-38 (7th Cir. 2014), the Seventh Circuit held that class members should be given the details and basis for the attorney fees and costs that class counsel intends to request from the Court at Final Approval, in advance of the Final Approval Hearing in order to allow class members an opportunity to evaluate the reasonableness of the request:

>Rule 23(h) of the civil rules requires that a claim for attorneys' fees in a class action be made by motion, and 'notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.' Class counsel did not file the attorneys' fee motion until after the deadline set by the court for objections to the settlement had expired. That violated the rule. *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988, 993-95 (9th Cir. 2010); see also Committee Notes on the 2003 Amendments to Rule 23. From reading the proposed settlement the objectors knew that class counsel were likely to ask for $1 million in attorneys' fees, but they were handicapped in objecting because the details of class counsel's hours and expenses were submitted later, with the fee motion, and so they did not have all the information they needed to justify their objections. The objectors were also handicapped by not knowing the rationale that would be offered for the fee request, a matter of particular significance in this case because of the invocation of administrative costs as a factor warranting increased fees. There was no excuse for permitting so irregular, indeed unlawful, a procedure.
>*Id.*

As such, Class Counsel hereby provides notice of their intent to petition the Court for an award of **$106,000.00 for their attorneys' fees and costs.** Class Counsel will request that this Court enter an Order approving this request at the Fairness Hearing currently set for January 8, 2020 at 2 p.m. As of the date of this filing, Class Counsel has incurred more than $153,000 in fees and costs in litigating this action. This amount does not include the additional time and expense that will be incurred in seeing the settlement through Final Approval, which will involve resolving class member inquiries and concerns, drafting and presenting the Final Approval Memorandum, and appearing at the Fairness Hearing. The detailed time records and expenses incurred by Class Counsel that form the basis for Class Counsel's request are attached to the Declarations of Ronald Wilcox, Steven Uhrich, and Roger Zamparo, which are being filed concurrently with this Notice of Fee Motion.

LEGAL DISCUSSION

I. **Class Counsel's Petition** for $106,000.00 in Fees and Costs is Fair and Reasonable.

Class Counsel's petition for **$106,000.00 in fees** and costs is fair and reasonable. The FDCPA allows Class Counsel to recover for their work in this action. Section 1692k of the FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person" is liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). To date, Class Counsel has incurred more than $106,000.00 in fees and costs.

The fees and costs incurred by Class Counsel in litigating this case were incurred in the course of performing the following tasks:

A. Pre-Complaint Legal and Factual Investigation. Class counsel began conducting a factual and legal investigation of Plaintiff's claims in the Spring of 2018. This investigation included an analysis of the unlawful collection letter at issue, the potential claims that could be brought, the potential for proceeding on a class-wide basis, research regarding the Defendants and their financial resources, legal analysis of the effect of a debt collector's failure to disclose that a payment may reset the time-barred debt, as well as applicable federal and Illinois statutes, regulations, case law, and the elements and potential defenses for each of the proposed claims. Class Counsel also researched potential defenses and exceptions that might give rise to weaknesses in Plaintiff's case. Plaintiff's claims were based on a somewhat novel interpretation of the FDCPA and were highly challenged by Defendant in this case and others.

B. Attempts to Avoid Litigation Before Filing Complaint. Additionally, before filing suit, and in attempt to avoid protracted litigation, Plaintiff's counsel sent Defendant a Structured Negotiation Letter seeking to resolve this case. In May 2018, Plaintiff drafted and sent a formal Structured Negotiation Agreement to Defendant in the hope that the parties could work together to resolve this lawsuit expeditiously and without the need to increase attorneys' fees. Defendant did not agree, requiring Plaintiff to file the instant lawsuit.

C. Discovery. The parties engaged in significant written discovery, including multiple rounds of interrogatories and requests for production of documents. Prior to that, the parties had a substantive disagreement regarding proposed changes expanding the scope of the Northern District of Illinois model confidentiality order that was ultimately resolved by the Court on Plaintiff's motion.

The parties exchanged written documents and engaged in extensive exchange of information related to the Defendant such that Class Counsel could ensure that a fair and reasonable settlement was reached on behalf of the class. Additionally, Class Counsel served third party discovery in this case to an entity related to the dismissed defendant in the case that resulted in even more document production and discovery disputes.

Class Counsel spent a significant amount of time on discovery disputes. As to the Defendants' production and the production by the related third parties, the parties held numerous telephone conferences in attempts to meet and confer and resolve their discovery disputes and to reduce the number of items that might require court intervention. Plaintiff also drafted a joint motion to compel discovery pursuant to Judge

Ellis's standing order, but those issues were never resolved by the Court because the parties agreed to mediation as described below in order to avoid further costs and fees.

Plaintiff served multiple lengthy notices of deposition under Rule 30(b)(6) and the parties also held numerous lengthy meet and confer telephone calls attempting to resolve the scope of the topics contained therein. Defendants served a notice of deposition upon Plaintiff, who spent two days preparing for said deposition in in-person meetings.

D.  Mediation and Settlement Negotiations.

Very shortly before Plaintiff's deposition and the scheduled Rule 30(b)(6) depositions of Defendants, the parties stipulated to stay discovery and to privately mediate this matter through JAMS before Judge David Coar (Ret.), again in attempt to resolve the matter and reduce further fees and costs.

Class Counsel and Plaintiff spent several hours over multiple days preparing for the settlement conference, including researching a large number of class settlement agreements that had been approved in similar cases for reference, and meeting with Plaintiff. The mediation took almost the entire day of March 18, 2019, and the parties reached a settlement in principle in the weeks that followed. Class Counsel then spent several hours over the following months negotiating and drafting the terms of a Memorandum of Understanding, the Class Settlement Agreement, motion for conditional certification, class notice, proposed orders, and stipulations regarding the class settlement.

II.     **Plaintiff's Counsel** is Seeking Reimbursement for Less Than the Lodestar.

Pursuant to the Agreement, Defendant will pay attorneys' fees and costs not to exceed $106,000.00. Class Counsel will request approval from the Court of attorneys' fees and costs in that amount. As set forth in the Declarations of Ronald Wilcox, Steven J. Uhrich, and Roger Zamparo, Jr. filed concurrently with this Notice, Plaintiff's counsel includes experienced class action attorneys, all of each whom contributed their skills and expended their resources in a coordinated effort that resulted in the settlement of this matter.

In computing the lodestar, the hourly billing rate applied is the hourly rate that is normally charged in the community where counsel practices, i.e. the "market price." *See, e.g., Blum v. Stenson*, 465 U.S. 886, 895 (1984), *McDonald v. Armontrout*, 860 F.2d 1456, 1459 (8th Cir. 1988) ("'in most cases, billing rates reflect market rates – they provide an efficient and fair short-cut for determining market rate.'"); *Spencer v. Comserv Corp.*, Nos. 4-84-894, 4-84-882, 4-85-283, 1986 U.S. Dist. LEXIS 15863, at *32-33, 1986 WL 15155, Fed. Sec. L. Rep. ¶ 93, 124 (D. Minn. Dec. 30, 1986) ("Compensating a nationally recognized securities class action attorney at his hourly rate is entirely appropriate."); *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973) ("The value of an attorney's time is reflected in his normal billing rate."). *See, also, Castro v. Lloyd & McDaniel, PLC*, No. 1:15-cv-00559, 2016 U.S. Dist. LEXIS 127658, at *9 (S.D. Ind. Sep. 19, 2016). However, as noted in the accompanying declarations, Plaintiff's counsel (Wilcox and Krumhorn) are seeking less

than their normal billing rates so as to be more in line with rates in the Northern District of Illinois.

**The hourly rates Plaintiff's counsel** are requesting, and a detailed listing of Class **Counsel's lodestar**, are set forth as <u>Exhibits 4 and 5</u> to the Declaration of Ronald Wilcox, <u>Exhibits 2 and 3</u> to the Declaration of Steven Uhrich, and as <u>Exhibit 2</u> to the Declaration of Roger Zamparo.

The actual lodestar and expenses incurred by Class Counsel as of October 2, 2019 is as follows:

| | |
|---|---|
| Ronald Wilcox: | $72,840.00 |
| Allison Krumhorn: | $12,950.00 |
| Roger Zamparo, Jr: | $19,200.00 |
| Steven J. Uhrich: | $43,855.00 |
| Wilcox Law Firm P.C. Expenses: | $993.85 |
| <u>Zamparo Law Group P.C. Expenses:</u> | <u>$3,218.00</u> |
| Total: | $153,056.85 |

**However, Plaintiff's counsel is requesting reimbursement for only a portion of the lodestar. Additionally, Plaintiff's counsel will** spend time preparing for, and appearing at, the fairness hearing plus the continuing calls from class members inquiring about the settlement checks. Accordingly, the request for $106,000 is fair and reasonable, and Plaintiff requests that this Court approve that amount.

The settlement in this case also complies with recent case law from the Seventh Circuit concerning class action awards and is consistent with the principles set forth in

8 of 10
PRELIMINARY NOTICE OF CLASS COUNSEL'S FEES AND COSTS

*Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014), *Redman v. Radioshack Corp.*, 768 F.3d 622, 637-38 (7th Cir. 2014). First, the award to the class is distinct and separate from the attorneys' fees in this case. The FDCPA is a fee-shifting statute and the fees being awarded to the class do not come from a class fund, but rather by payment directly from Defendant pursuant to the fee-shifting provision of the FDCPA as set out in Section 1692k(a)(3). Thus, the size of the attorneys' fee award does not affect the award to the class, unlike cases such as *Pearson, Redman,* and *Eubank* where payment of the attorneys' fees affected the total payment to the class.

Respectfully submitted,

By: */s/ Steven J. Uhrich*
*Attorneys for Plaintiff and the Class*

Steven J. Uhrich (6310369)
Uhrich Law, P.C.
1 N. State Street, Suite 1500
Chicago, IL 60602
T: (773) 969-6337
F: (773) 496-6968
steven@uhrichlawpc.com

Allison Krumhorn (6277823)
Ronald Wilcox (Cal. Bar No. 176601)
Wilcox Law Firm, P.C.
2021 The Alameda, Suite 200
San Jose, CA 95126
T: (408) 314-6210
F: (408) 296-0486
allisonkrumhorn@gmail.com
ronaldwilcox@gmail.com

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this day, the foregoing was filed electronically through the CM/ECF system with the Clerk of the Court for the United States District Court for the Northern District of Illinois, Eastern Division, and was served upon all counsel of record.


DATED: October 3, 2019                               <u>*/s/Steven J. Uhrich*       </u>