# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Margaret Hussein,<br>On behalf of plaintiff and the class, | Case No.: 1:18-cv-04400 |
| *Plaintiff,* | Honorable Steven C. Seeger |
| v. | Magistrate Judge Jeffrey Cole |
| Dynamic Recovery Solutions, LLC; | |
| *Defendant.* | |

## UNOPPOSED MOTION FOR FINAL APPROVAL
## OF CLASS ACTION SETTLEMENT AGREEMENT

Plaintiff Margaret Hussein, on behalf of herself and on behalf of a class of similarly situated individuals (Plaintiff), by Class Counsel, Uhrich Law, P.C., request that this Court enter Final Approval of the Class Action Settlement Agreement that was preliminarily approved on September 9, 2019 by the Honorable Sara L. Ellis (Dkt. No. 64).

I. **Summary of Notice Provided to Class**

   A. **The Preliminary Approval Order.**

The Conditional Certification and Preliminary Approval Order entered in this matter (Dkt. No. 64) set a procedural framework for the final approval of the settlement. The Order required the parties to cause notice to be mailed to the members of the below defined Class, set deadlines and procedures for the submission of claim forms, requests for exclusion and objections to the settlement, and set a fairness hearing for January 8, 2020. Class Counsel filed a Preliminary Notice of Class Counsel's Fees and Costs on

October 3, 2019 (Dkt. No. 68).

### B. Class Notice

On or before October 4, 2019, the class administrator mailed notice of this settlement to 5,230 individuals identified by Defendant as members of the class as required by the preliminary approval order.[1] (**Exhibit 1**, affidavit of Bailey Hughes, employee of First Class, Inc.). On November 19, 2019, pursuant to this Court's order on that same date, the class administrator conducted an additional, second address search and shortly thereafter mailed notice of this settlement to 815 individuals identified as class members whose notices had been returned as undeliverable.

As of December 17, 2019, a total of 269 valid claim forms have been received and postmarked on or before the cutoff date of December 3, 2019. As of December 17, 2019, a total of 47 valid claim forms have been received postmarked after the cutoff date. *See* **Exhibit 1**.

Class Counsel respectfully requests that all late Claim Forms be treated as valid and timely claim forms, such that those class members are able to receive a portion of the Settlement Fund, and further, that the settlement checks for any incomplete claim forms be made payable to the claimant, as the claim form was submitted. If the Court elects to include these Claim Forms, the "Participating Class" would consist of 316 individuals and each will receive approximately $405 from the Class Settlement Fund.

As of December 17, 2019, the Class Administrator received no requests for

---

[1] The list contained 5,237 records, however, 7 exact duplicates were found and removed by the administrator.

exclusion and no objections.

## II. Summary of Litigation Preceding Settlement

Plaintiff filed the above-captioned lawsuit in the United States District Court for the Northern District of Illinois (the Litigation). Plaintiff alleged that DRS violated the Fair Debt Collection Practices Act ("FDCPA") when it sent collection letters to consumers on time-barred debts without disclosing that making a payment on those debts may restart the statute of limitations. DRS denied the allegations, denied both factually and legally that it is liable in any way to Plaintiff or the Class she seeks to represent and asserted that its letters complied fully with all applicable state and federal laws.

After significant discovery, the parties engaged in arms-length negotiations and a private mediation session was held on March 21, 2019 before the Hon. David H. Coar (Ret.), where the parties reached a settlement to resolve the Litigation.

The parties' agreement was preliminarily approved by the Court on September 9, 2019. Defendant served the notice required by the Class Action Fairness Act on September 9, 2019.

As demonstrated below, the parties' Agreement is now ripe for this Court's consideration and final approval.

## III. Settlement Terms

The parties' agreement covers a settlement class of approximately 5,237 persons all of whom are individuals with Illinois addresses to whom DRS sent a letter to collect a debt, which debt was a credit card on which the last payment had been made more than 5 years prior to the letter, which stated that "The law limits how long you can be sued on a

debt. Because of the age of your debt, our client will not sue you for it," and which did not state that any payment may restart the statute of limitations, and which letter was sent between June 25, 2017 and the present.

Defendant has agreed to provide the following relief to Plaintiffs and the Class:

- DRS shall pay to the class a total Class Recovery of $130,000.00, less the cost of $2,927.07 for searching for and mailing the second, additional notice to class members;

- DRS shall pay to the Plaintiff Margaret Hussein $7,000 for her service to the class and for her individual statutory damages. This amount is separate and apart from the Class Recovery described above.

- As a non-monetary part of the settlement, where DRS's client does not otherwise specify in the state of Illinois, DRS agrees to include the below language in its collection letters that involve accounts where the statute of limitations has expired and that involve accounts that are beyond the credit reporting period:

    o The law limits how long you can be sued on a debt. Because of the age of your debt, [current owner] cannot sue you for it and [current owner/servicer] cannot report it to any credit reporting agencies. If you make a partial payment on this account it may restart the statute of limitations on this account.

- Where DRS's client does not otherwise specify in the state of Illinois, DRS agrees to include the below language in collection letters that involve accounts where the statute of limitations has expired and that involve accounts that are not beyond the credit reporting period:

    o The law limits how long you can be sued on a debt. Because of the age of your debt, [current owner] cannot sue you for it. If you do not pay the debt, [current owner/servicer] may report or continue to report it to the credit reporting agencies as unpaid. If you make a partial payment on this account it may restart the statute of limitations on this account.

- DRS agrees to use the language referenced above subject to the conditions stated therein unless and until the holding of the Seventh Circuit in *Pantoja v. Portfolio Recovery Associates, LLC*, 852 F.d 679 (7th. Cir. 2017) is

overruled by case law, regulatory guidance, or amendment of the FDCPA.

- Subject to Court approval, DRS has agreed to pay Class Counsel the total sum of $106,000 for their attorneys' fees and costs.

- If any of the settlement checks to the Class are not cashed by the Void Date, the proceeds of any uncashed checks shall be distributed to the Chicago Volunteer Legal Services Foundation.

### IV. This Court Should Grant Final Approval of the Settlement.

#### A. This Settlement Meets the requirements of Rule 23(a) and 23(b).

The United States Supreme Court has held that before approving a class action settlement, the District Court must first be satisfied that the elements of Rule 23(a) and 23(b) have been met. *Amchem Productions, Inc. v. Windsor*, 117 S.Ct. 2231, at 2248 (1997).

This Settlement satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely: (a) the Class Members (over 5,000) are so numerous that joinder of all of them in the Litigation is impracticable, (b) there are questions of law and fact common to the Class Members—all claims are related to language in a letter—which predominate over any individual questions, (c) the claims of the Plaintiff are typical of the claims of the Class Members related to that same language; (d) the Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members, (e) Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

Class certification is appropriate under Rule 23(b)(3) where: (1) common questions of law or fact predominate over individual questions; and where (2) a class action represents a superior method for the fair and efficient adjudication of the controversy. Both of these requirements are satisfied in the present case as Plaintiff and the class members received virtually identical letters from Defendant (common question of fact) and alleged that such letters violated the Fair Debt Collection Practices Act (common question of law).

### B. This Settlement Meets the Standard for Obtaining Final Approval.

Once the Court has determined that the requirements of Rule 23(a) and 23(b) have been met, the Court must then determine whether Rule 23(e) has been satisfied by determining whether the settlement is fair, reasonable, and adequate. *General Electric Capital Corporation v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997). The Court considers the following six factors in making this determination:

1. The strength of the plaintiff's case on the merits measured against the terms of the settlement,
2. The complexity, length, and expense of continued litigation,
3. The amount of opposition to the settlement among class members,
4. The presence of collusion in gaining a settlement,
5. The stage of the proceedings, and
6. The amount of discovery completed.

The class action settlement in the present case satisfies each of these factors.

While the parties disagree whether the Plaintiff would have prevailed at a trial on the merits, there are certain risks associated with further litigation. Even if Plaintiff prevailed on the issue of whether Defendant's conduct violated the FDCPA, it is possible that Defendant would have been able to prove that such a violation was a bona fide error notwithstanding procedures in place to avoid such violations. There are also significant risks and uncertainties related to any amount that would be awarded, should that issue be tried to a jury.

The Fair Debt Collection Practices Act ("FDCPA") allows a successful plaintiff to recover on behalf of a class up to one percent of a defendant's net worth or $500,000, whichever is less. 15 U.S.C. §1692k(a)(2)(b). Here, the settlement provides for payment of $130,000 to the class, which exceeds 1% of Defendant's net worth.

In addition, the settlement is warranted by the complexity, length and expense of continued litigation, satisfying the second *GE Capital* factor. The issue of whether a debt collector violates the FDCPA by sending a letter at issue in this case is not a black-letter matter of settled law, and the length and expense of continued litigation is likely to be great as Defendant insisted that its actions did not violate the FDCPA. Finally, given that the Class Settlement Fund exceeds the maximum amount that could be awarded to the Class based on 1% of Defendant's net worth, the settlement is warranted under the second *GE Capital* factor.

The settlement satisfies the third GE Capital factor because none of the class members elected to exclude themselves from the settlement and no objections were filed

or received.

As evidence of the lack of any collusion, the above-described settlement amount, to Plaintiff and Class Counsel, compare favorably to the direct benefits to the Class. The settlement was also reached through arms-length negotiation in the presence of a seasoned mediator, thereby satisfying the fourth *GE Capital* factor.

Finally, the fifth and sixth *GE Capital* factors also support the final approval of this settlement in light of the stage of pre-trial proceedings and the discovery completed to date. Plaintiff and Defendant had completed nearly all written discovery and were on the eve of (and thus prepared for) oral discovery. The parties exchanged written documents, stipulations, meet and confer letters, and significant information relating to the Defendant, such that Class Counsel could determine whether the settlement reached on behalf of Plaintiff and the class was fair and reasonable.

Moreover, the parties engaged in a lengthy negotiation before the Hon. Judge Coar (Ret.) through JAMS. This negotiation ultimately extended after the mediation session and involved the exchange of even more information regarding the evidence supporting both parties' claims and defenses. Given the stage of proceedings and the investigation and discovery completed, the proposed settlement satisfies the fifth and sixth GE Capital factors.

## V. Conclusion

For all the reasons set forth above, Plaintiff individually, and as representative of the Class of similarly situated persons, by Class Counsel, request this Court grant final approval of the Agreement.

Dated: December 17, 2019	Respectfully submitted,

By: *s/ Steven J. Uhrich*

Steven J. Uhrich
UHRICH LAW, P.C.
1 N. State Street, Suite 1500
Chicago, IL 60602
p: 773.969.6337
steven@uhrichlawpc.com

Ronald Wilcox
Allison A. Krumhorn
WILCOX LAW FIRM PC
2021 The Alameda, Suite 200
San Jose, CA 95126
(408) 296-0400

## **CERTIFICATE OF SERVICE**

      Steven J. Uhrich, an attorney, certifies that he electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all electronic filing participants.

                                            */s/ Steven J. Uhrich*